```
                IN THE UNITED STATES DISTRICT COURT
               FOR THE EASTERN DISTRICT OF VIRGINIA
                          Richmond Division
```

DARYL JENKINS,

    Plaintiff,

v.                                        Civil Action No. 3:18CV203

STATE OF VIRGINIA, et al.,

    Defendants.

**MEMORANDUM OPINION**

Daryl Jenkins, a Virginia inmate proceeding pro se and in forma pauperis, filed this 42 U.S.C. § 1983 action.[1] The action proceeds on the PARTICULARIZED COMPLAINT. ("Complaint," ECF No. 16). The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

### I.    PRELIMINARY REVIEW

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); see 28 U.S.C. § 1915A. The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." Clay v. Yates, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is

entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Id. (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," id. (citation omitted), stating a claim that is "plausible on its face," id. at 570, rather than merely "conceivable." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp., 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v. United States, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes pro se complaints, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate

failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. ALLEGATIONS

In his Complaint, Jenkins argues that his First, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendment rights were violated during his state criminal proceedings. (Compl. 1.)[2] Jenkins identifies Mark Herring, the Attorney General of Virginia, as the Defendant. (Id.) Jenkins contends that:

> My rights were violated by the Commonwealth of Virginia by denying my 6th Amendment right to due process. I was not properly informed of the nature and cause of the accusation against me. I was denied my right to counsel and deprived of my life and liberty.
>
> A. I had cruel and unusual punishment inflicted upon me by the court going out of [the] sentencing guidelines and over the jury recommended sentence (8th Amendment right violated). . . .
>
> B. My 14th Amendment right to due process was violated by me being removed from the courtroom and the trial continuing without my presence (6th Amendment right violated). . . .
>
> C. Prosecuted quasi in rem instead of as a (natural person 28 U.S.C. [§] 1391) violating my 1st, 5th, 6th, 9th, and 14th Amendment rights. . . .

---

[2] The Court employs the pagination assigned by the CM/ECF docketing system to Jenkins's submissions. The Court corrects the spelling, punctuation, and capitalization in the quotations from Jenkins's submissions.

4

(Id.) Jenkins argues that "Mark Herring is liable because he is the Virginia Attorney General." (Id. at 2.) Jenkins asks for a "declaration that the acts and omissions described herein violate his rights," and monetary damages. (Id. at 3.)

### III. ANALYSIS

It is both unnecessary and inappropriate to engage in an extended discussion of Jenkins's terse theories for relief. See Cochran v. Morris, 73 F.3d 1310, 1315 (4th Cir. 1996) (emphasizing that "abbreviated treatment" is consistent with Congress's vision for the disposition of frivolous or "insubstantial claims" (citing Neitzke v. Williams, 490 U.S. 319, 324 (1989))). Jenkins's Complaint will be dismissed for failing to state a claim under Federal Rule of Civil Procedure 12(b)(6) and as legally frivolous.

#### A. No Personal Involvement

"[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). Accordingly, the plaintiff must allege facts that affirmatively show "that the official charged acted personally in the deprivation of the plaintiff['s] rights. Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (emphasis added) (internal quotation marks omitted). "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is

5

silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints." Potter v. Clark, 497 F.2d 1206, 1207 (7th Cir. 1974) (citing Brzozowski v. Randall, 281 F. Supp. 306, 312 (E.D. Pa. 1968)).

Jenkins fails to state a claim against Defendant Herring. Jenkins merely describes Defendant Herring's title and fails to allege any facts suggesting that Defendant Herring had any direct involvement or personal responsibility in the deprivation of Jenkins's constitutional rights. For that reason alone, Jenkins's claims against Defendant Herring will be dismissed as frivolous.

**B. Jenkins's Claims Are Barred by Heck**

Jenkins argues, in sum, that his constitutional rights were violated because "[he] was not properly informed of the nature and cause of the accusation against [him]," "[he] was denied [his] right to counsel and deprived of [his] life and liberty," "the court [went] out of [the] sentencing guidelines and over the jury recommended sentence," he was "removed from the courtroom and the trial continu[ed] without [his] presence," and he was "[p]rosecuted quasi in rem instead of as a (natural person 28 U.S.C. [§] 1391)." (Compl. 1.) Jenkins seeks a "declaration that the acts and omissions described herein violate his rights," and monetary damages. (Id. at 3.)

While not well-articulated, Jenkins clearly seeks the invalidation or vacation of his criminal conviction and sentence. The notion that Jenkins may seek, through a civil suit, the vacation or alteration of his criminal convictions and sentence, "is legally frivolous in light of Heck v. Humphrey, 512 U.S. 477 (1994), and related cases." Payne v. Virginia, No. 3:07CV337, 2008 WL 1766665, at *2 (E.D. Va. Apr. 17, 2008).

In Heck, the Supreme Court emphasized that civil tort actions are "not appropriate vehicles for challenging the validity of outstanding criminal judgments." Heck, 512 U.S. at 486. The Supreme Court then held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a [civil rights] plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

Id. at 486-87 (internal footnote omitted). The Supreme Court then required that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id. at 487.

In Edwards v. Balisok, the Supreme Court extended Heck to civil rights actions that do not directly challenge confinement, but instead contest procedures which necessarily imply unlawful confinement. See 520 U.S. 641, 646 (1997). The Supreme Court has explained that Heck and its progeny teach that:

> [A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration.

Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005).

In his terse allegations, Jenkins vaguely suggests that he was improperly prosecuted "quasi in rem instead of as a (natural person 28 U.S.C. [§] 1391)." (Compl. 1.) He also contends that during his criminal proceedings, his right to due process was violated because, inter alia, "[he] was not properly informed of the nature and cause of the accusation against [him]" and he was "removed from the courtroom [with] the trial continuing without [his] presence." (Id.) Jenkins also argues that his resulting sentence constituted "cruel and unusual punishment" because the sentence was "out of [the] sentencing guidelines and over the jury recommended sentence." (Id.) Jenkins requests a "jury trial on all issues triable by jury," and seeks declaratory and monetary relief. (Id. at 3.) Jenkins does not articulate, and the Court does not discern, how he could both prevail on such claims and not

simultaneously invalidate the fact of his confinement. See Edwards, 520 U.S. at 648; Heck, 512 U.S. at 481-90; see also Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (holding that when "the relief [a prisoner] seeks is a determination that he is entitled to immediate release or a speedier release from [custody], his sole federal remedy is the writ of habeas corpus").

Because success on his claims necessarily implies invalid confinement, under the second prong of the Heck analysis, Jenkins must demonstrate a successful challenge to his current conviction. Heck, 512 U.S. at 487. Jenkins makes no allegation that the state court has invalidated his current convictions or sentence. Id. at 486-87. Thus, Heck also bars Jenkins's claims.

### IV. CONCLUSION

For the foregoing reasons, the action will be dismissed as frivolous and for failure to state a claim under 28 U.S.C. § 1915(e)(2). The Clerk will be directed to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

The Clerk is directed to send a copy of the Memorandum Opinion to Jenkins.

It is so ORDERED.

/s/ RSP
Robert E. Payne
Senior United States District Judge

Date: December 28, 2018
Richmond, Virginia

9